IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD L McCOY, | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-11-0205 |
| WARDEN B.A. BLEDSOE, | : | (Judge Caldwell) |
| Respondents | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| REGINALD L McCOY, | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-11-0779 |
| WARDEN B.A. BLEDSOE, | : | (Judge Caldwell) |
| Respondents | : | |

*MEMORANDUM*

Petitioner, Reginald L. McCoy, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed the above-captioned pro se petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentences, imposed in 1991, in the United States District Court for the Middle District of Florida. McCoy is serving concurrent life sentences for conspiracy to possess with intent to distribute crack cocaine and possession of fifty grams or more of crack cocaine with intent to distribute. In his petitions, he principally relies on the Fair Sentencing Act of 2010 (FSA), Pub. L. 111-220, 124 Stat. 2372, effective Aug. 3, 2010. Briefly, the FSA

increased the amount of crack cocaine needed for various mandatory minimum sentences, thus reducing the disparity between crack- and powder-cocaine sentences. McCoy contends that the FSA should be applied retroactively which he says would result in his immediate release. We will dismiss the petitions for lack of jurisdiction.[1]

These are the fourth and fifth petitions McCoy has filed in this court seeking to overturn his Florida federal sentences.[2] As we explained in his previous proceedings, when challenging the validity, and not the execution, of his sentence, a federal prisoner is limited to filing a motion pursuant to 28 U.S.C. § 2255. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge can be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

Petitioner is clearly challenging the validity of his sentence. Thus, he must proceed by way of § 2255. Since McCoy has unsuccessfully sought § 2255 relief, he is required to obtain certification from the Eleventh Circuit Court of Appeals to file another collateral challenge to his conviction and sentence. We note that the Eleventh Circuit recently denied McCoy's request that he be allowed to file another

---

[1] McCoy's FSA claim has no merit, at least under Third Circuit law. McCoy was sentenced in 1991 and the FSA was enacted in 2010. The Third Circuit has held that the FSA is not retroactive. *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010), *petition for cert. filed*, No. 10-10282 (U.S. April 30, 2011).

[2] The other three, all captioned *McCoy v. Miner*, are: No. 06-1577, No. 06-1831, and No. 07-342. McCoy appealed Nos. 06-1831 and 07-342 without success, reported at *McCoy v. Miner*, 230 F.App'x 138 (3d Cir. 2007)(per curiam)(nonprecedential), and *McCoy v. Miner*, 245 F. App'x 194 (3d Cir. 2007)(per curiam)(nonprecedential).

2255 motion, concluding that he did not satisfy the gatekeeping provisions in section 2255(h).  *In re: Reggie McCoy*, No. 11-11008 (11th Cir. Mar. 28, 2011).

    We will issue an appropriate order.

                              <u>/s/William W. Caldwell</u>
                              William W. Caldwell
                              United States District Judge

Date: May 16, 2011

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD L McCOY, :
:
    Petitioner :
:
vs. : CIVIL NO. 1:CV-11-0205
:
:
WARDEN B.A. BLEDSOE, : (Judge Caldwell)
:
    Respondents :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGINALD L McCOY, :
:
    Petitioner :
: CIVIL NO.  1:CV-11-0779
vs. :
:
: (Judge Caldwell)
WARDEN B.A. BLEDSOE, :
:
    Respondents

*O R D E R*

    AND NOW, this 16th day of May, 2011, it is ordered that:

    1.  Petitioner's Applications to Proceed in forma pauperis in both cases are granted.

    2.  Any pending motions in each case are dismissed as moot.

    3.  The petitions for writs of habeas corpus under 28 on U.S.C. § 2241 in the above-captioned cases (doc. 1) are dismissed for lack of jurisdiction.

    4.  The Clerk of Court is directed to close both cases.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge